IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL ACTION FILE<br>NO. 4:12-CR-00005-RLV-WEJ |
| JOSE RAMIREZ-MONTOYA, | |
| Defendant. | |

### **NON-FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on the Motion to Suppress Conviction [9] ("Motion to Suppress") and the Motion to Dismiss Indictment Due to Unlawful Deportation [10] ("Motion to Dismiss") filed by defendant, Jose Ramirez-Montoya, and the responses [14, 15] thereto filed by the Government. For the reasons explained below, the undersigned **RECOMMENDS** that the Motion to Suppress [9] and the Motion to Dismiss [10] be **DENIED**.

### **I.   BACKGROUND**

On September 7, 1993, an immigration judge ordered defendant deported from the United States. (See Resp. Mot. Dismiss Ex. 1 [15-1].) Through counsel, defendant filed motions to reconsider the immigration judge's decision and reopen

the deportation proceedings, which were denied as untimely by another immigration judge in an October 5, 2000 Order. (See id. Ex. 2 [15-2].)[1] On October 31, 2000, the United States Immigration and Naturalization Service ("INS") issued a Warrant of Removal/Deportation ("Warrant") pursuant to the October 5, 2000 Order. (See id. Ex. 3 [15-3], at 1.) On November 10, 2000, the INS deported defendant from the United States. (See id. at 2.)

On January 8, 2001,[2] defendant pled guilty to Forgery in the Second Degree (O.C.G.A. § 16-9-2) and Family Violence Battery (O.C.G.A. § 16-5-23(f)), and the Whitfield County, Georgia Superior Court convicted him of those offenses. (See Resp. Mot. Dismiss Ex. 4, at 1.) On April 11, 2001, the INS again deported defendant based on the Warrant. (See id. Ex. 5 [15-5].)

On March 23, 2005, defendant pled guilty in the United States District Court for the Southern District of Texas to attempted re-entry of a deported alien in violation of 8 U.S.C. § 1326(b)(1) and was convicted on May 12, 2005. (See Resp.

---

[1] The October 5, 2000 Order indicated that defendant's appeal of the September 7, 1993 Order was due by October 7, 1993, and that defendant had waived it. (See Resp. Mot. Dismiss Ex. 2.)

[2] The first page of Exhibit 4 is dated "January 8, 2000." (Resp. Mot. Dismiss Ex. 4 [15-4], at 1.) However, the rest of the document makes clear that it was filed on January 8, 2001. (See id. at 1-4.)

2

Mot. Dismiss Ex. 6 [15-6], at 1.) On November 22, 2005, the INS deported defendant a third time on the basis of his "having been found inadmissible" and having been "convicted of a crime designated as an aggravated felony." (Id. Ex. 7 [15-7].)

On January 17, 2012, a grand jury in the Northern District of Georgia indicted [1] defendant for violating 8 U.S.C. § 1326(a) and (b)(2).

## II. DISCUSSION

### A. Motion to Dismiss

Defendant moves to dismiss the Indictment on the ground that "as a matter of law, the government cannot establish that Mr. Ramirez[-Montoya] was previously 'deported' within the meaning of 8 U.S.C. § 1326 because the deportation proceedings giving rise to the deportation order were fundamentally flawed." (Mot. Dismiss 1.) He alleges that, during deportation proceedings taking place in 2001, the INS failed to advise him that he was eligible for relief from deportation. (Mot. Dismiss Br. [10-1] 4.) He contends that he was entitled to seek "'withholding of removal'" based on his fear that drug cartels would harm him if he returned to Mexico, and that the INS's failure to so inform him rendered his deportation proceeding fundamentally unfair. (Id. at 4-5.) Because the deportation that resulted

3

from that proceeding is a predicate for the offense of which he is presently accused, that failure prejudiced him.  (See id. at 3-5.)  The Government responds that this Court lacks jurisdiction to hear defendant's claim because he failed to exhaust his administrative remedies with respect to the September 7, 1993 Order.  (Resp. Mot. Dismiss 2.)

To challenge the validity of a deportation order in a criminal proceeding pursuant to 8 U.S.C. § 1326, a defendant must demonstrate that "(1) [he] exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair."  8 U.S.C. § 1326(d).  The administrative remedy for a party who wishes to challenge a finding of an immigration judge is an appeal to the Board of Immigration Appeals (the "Board") within thirty days of the immigration judge's oral decision or the mailing of a written decision.  See 8 C.F.R. §§ 1003.3(a)(1), 1003.38(b).  If the party waives his right to appeal or fails to bring the appeal in a timely fashion, the immigration judge's decision is final except when certified by the Board.  Id. § 1003.39.  Should a defendant fail to demonstrate that he exhausted his administrative remedies in contesting a deportation order, this Court

4

lacks jurisdiction to consider the order's validity. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006) ("[W]e lack jurisdiction to consider claims that have not been raised before the [Board].") (internal quotation marks omitted).

Defendant has proffered no evidence showing that deportation proceedings were conducted in 2001. The record evidence reflects only two dates on which an immigration judge held proceedings that resulted in deportation orders: September 7, 1993 and October 5, 2000. As discussed above, an immigration judge ordered defendant removed from the United States on September 7, 1993. On October 25, 2000, another immigration judge found that defendant had waived his right to appeal the September 7, 1993 Order and denied defendant's motions to reconsider it and to reopen proceedings. The evidence thus demonstrates that defendant waived any right to appeal the September 7, 1993 Order, and defendant has adduced no evidence demonstrating that he exhausted his administrative remedies with respect to the October 5, 2000 Order. In addition, defendant has not contended that "the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review." 8 U.S.C. § 1326(d)(2). Thus, the Court has no jurisdiction to consider the validity of any of the immigration orders. Accordingly,

the undersigned **RECOMMENDS** that defendant's Motion to Dismiss [10] be **DENIED**.[3]

### B. Motion to Suppress

Defendant alleges that the attorney defending him on the charges he incurred in January 2001 (i.e., Forgery in the Second Degree and Family Violence Battery) failed to warn him that conviction for these "crime[s] of moral turpitude" would lead to deportation. (See Mot. Suppress 1-2.) He alleges further that he received a notice of deportation proceedings from the INS shortly after the plea subjecting him to deportation because he was convicted of a crime involving moral turpitude. (Mot. Suppress Br. [9-1] 1.)[4] He contends that his counsel's failure rendered his guilty plea unknowing and involuntary and violated his right to representation by competent counsel. (Id. at 2-3.) On that basis, he moves to "set aside" and suppress his January 8, 2001 convictions in the instant proceeding. (Id. at 1.)

---

[3] Even assuming that this Court had jurisdiction to review the alleged defects in the deportation orders, defendant's argument that no valid deportation order supports his prosecution under 8 U.S.C. § 1326 is unavailing because he does not appear to contest the validity of the November 10, 2000 and November 22, 2005 deportations, which independently satisfy 8 U.S.C. § 1326(a)(1).

[4] Defendant has not provided the Court with a copy of that notice.

6

The Government responds that defendant's convictions do not constitute elements of 8 U.S.C. § 1326 and would become relevant only at the time of sentencing. (Resp. Mot. Suppress 2.)[5] In addition, it contends that this Court lacks jurisdiction to set aside those convictions. (Id. at 3.)

### 1. **<u>Defendant's Request that His Convictions Be "Set Aside"</u>**

Except as specifically provided for in post-conviction remedial schemes, federal courts lack jurisdiction to review state-court criminal convictions. See 28 U.S.C. § 1738 ("[J]udicial proceedings . . . shall have the same full faith and credit in every court within the United States . . . as they have . . . in the Courts of such State . . . from which they are taken."); Caffey v. Ala. Sup. Ct., No. 11-12909, 2012 WL 918799, at *1 (11th Cir. 2012) (per curiam) ("Under the *Rooker-Feldman* doctrine, a district court lacks subject matter jurisdiction over cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.") (internal quotation marks omitted). Defendant has not sought review of his convictions pursuant to any recognized remedy.

---

[5] Conviction of an aggravated felony is an element of 8 U.S.C. § 1326. See 8 U.S.C. § 1326(b)(2). Accordingly, defendant's convictions are relevant at the trial phase, and the undersigned considers in this Order whether they must be suppressed.

7

AO 72A
(Rev.8/82)

Accordingly, to the extent defendant requests that the Court set aside his conviction, the undersigned **RECOMMENDS** that his Motion to Suppress be **DENIED**.

## 2. **Defendant's Request to Suppress Evidence of Convictions**

In Padilla v. Kentucky, 130 S. Ct. 1473 (2010), the United States Supreme Court held that counsel's failure to inform a client that pleading guilty would result in automatic deportation constituted ineffective assistance of counsel to the extent that it prejudiced that client. Id. at 1478. In that case, the petitioner had filed proper motions for post-conviction relief in which he alleged ineffective assistance of counsel. See id. By contrast, defendant did not avail himself of state-court post-conviction remedies or file a petition for post-conviction relief in federal court. In essence, defendant asks this Court to conduct a § 2254 or coram nobis analysis of his convictions even though he fulfilled none of those remedies' procedural prerequisites. Defendant has cited no authority suggesting that this Court is authorized to conduct such a review or that Padilla bears on prior convictions' effect on minimum sentences for illegal reentry pursuant to 8 U.S.C. § 1326(b)(2).

Even assuming Padilla applied in the present circumstances, defendant cannot plausibly claim that his attorney's alleged failure to inform him about the immigration consequences of pleading guilty to the 2001 state offenses prejudiced

8

him. Defendant pled guilty on January 8, 2001, less than two months after first being deported on November 10, 2000. He would have been well-aware at that time that a second deportation was imminent, even if he had been acquitted. Additionally, the record evidence indicates that his April 11, 2001 deportation was conducted pursuant to the Warrant, the same document authorizing his first deportation, so it does not appear that there was any direct connection between his January 8, 2001 convictions and his April 11, 2001 deportation. Thus, defendant cannot show that any ineffective assistance of counsel prejudiced him. Accordingly, the undersigned **RECOMMENDS** that the Motion to Suppress [9] be **DENIED**.

### III. CONCLUSION

For the reasons explained above, the undersigned **RECOMMENDS** that defendant's Motion to Suppress [9] and Motion to Dismiss [10] be **DENIED**.

**SO RECOMMENDED**, this 29th day of March, 2012.

_Walter E. Johnson_
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

UNITED STATES OF AMERICA

v.

JOSE RAMIREZ-MONTOYA,

    Defendant.

CRIMINAL ACTION FILE
NO. 4:12-CR-00005-RLV-WEJ

**ORDER FOR SERVICE OF
<u>NON-FINAL REPORT AND RECOMMENDATION</u>**

Let this Non-Final Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and the Court's Local Rule 72.1B, be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Non-Final Report and Recommendation within fourteen (14) days of the receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing

for review by the District Court. If no objections are filed, the Non-Final Report and Recommendation may be adopted as the opinion and order of the District Court, and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

The Clerk is directed to submit the Non-Final Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED**, this 29th day of March, 2012.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)